IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROL LINSON,

       Plaintiff,

vs.                                                                                              Civ. No. 08-1201 RHS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

      1.  THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse or Remand Decision of the Commissioner ("Motion"), filed June 17, 2009 **[Doc. No. 12]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") on Plaintiff's applications for social security disability and insurance benefits. Plaintiff alleges disability beginning September 2, 2005 due to "[b]ipolar, chronic depression, chronic anxiety, arthritis-back, spinal stenosis, cervical bone spurs, cervical narrowing between vertebres [sic], spinal scoliosis, severe muscle spasms-thoraric [sic] spine, Allegery [sic] & Asthma[,] [and] Bipolar severe mood swings." (Transcript ("Tr.") at 101-02[1]). Plaintiff's date of birth is March 28, 1961. (Tr. at 17, 113). Plaintiff completed one year of college and has worked in the past as an office secretary, office manager, medical records clerk, housekeeper, home health aide and billing clerk. (Tr. at 102-03, 111).

      2.  On November 21, 2005, Plaintiff filed applications for social security disability insurance benefits pursuant to Title II and supplemental security income benefits pursuant to

---

      [1]This information is contained in a "Disability Report - Adult - Form SSA-3368." (Tr. at 101). Although the bottom of the form is dated July 17, 2007, the blocks labeled "Name of person completing this form" and "Date Form Completed" are blank. (Tr. at 111-12).

Title XVI. (Tr. at 11). Plaintiff's claims "were denied initially on February 8, 2006, and upon reconsideration on October 23, 2006." (Tr. at 11). Following an administrative hearing, the Administrative Law Judge ("ALJ") issued a decision on February 22, 2008, finding that Plaintiff "has not been under a disability, as defined in the Social Security Act, from September 2, 2005 through the date of this decision." (Tr. at 18). On October 30, 2008, the Appeals Council denied Plaintiff's request for a review, thus rendering the ALJ's decision the final decision of the Commissioner. (Tr. at 3). Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    3. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. §423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

    4. At the first four levels of the evaluation, the claimant must show: (1) that she is not working; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that she is unable to perform work done in the past. At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than past relevant work. Thompson, 987 F.2d at 1487 (citations omitted). In this case, the ALJ

determined at step five that Plaintiff is not disabled because "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. at 17).

    5. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) "the ALJ failed to consider the finding of elevated liver enzymes and the diagnosis of Hepatitis C"; (2) "the ALJ failed to consider the combination of physical and mental impairments as being equivalent to a listing or to listing level severity"; and (3) "the ALJ and Commissioner failed to properly apply the listings at § 12.04 C 3." (Plaintiff's Memorandum Brief in Support of Motion ("Memo") at 7, 8, 10, filed Jun. 17, 2009 **[Doc. No. 12-2]**).

    6. On appeal, the Court considers whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standards. Langley v. Barnhart, 373 F.3d 1116, 1118 (10th Cir. 2004). The Court may not substitute its judgment for that of the fact-finder, nor may it re-weigh the evidence. Langley, 373 F.3d at 1118; Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991).

    *First Alleged Error - Hepatitis C*

    7. At step two of the sequential evaluation, the ALJ must determine whether any of Plaintiff's medically determinable impairments, or a combination thereof, is "severe." See 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ determined that Plaintiff's "depression, anxiety, and degenerative joint disease cervical spine" were severe impairments. (Tr. at 13). However, the ALJ found that the "medical record does not substantiate that the claimant has a history of Hepatitis C and therefore there is no further consideration of this alleged impairment." (Tr. at 14). Plaintiff contends that the ALJ erred at step two in not finding that Hepatitis C was a medically determinable impairment.

    8. At step two, the claimant bears the burden of proving a severe impairment. See 20

C.F.R. § 404.1521(a).  An ALJ "need[s] evidence from acceptable medical sources to establish whether [a claimant] ha[s] a medically determinable impairment."  § 404.1513(a).  "Acceptable medical sources" are licensed physicians, licensed or certified psychologists, licensed optometrists (for visual disorders), licensed podiatrists (for foot or ankle impairments) and qualified speech-language pathologists (for speech or language impairments).  Id.  While evidence from "other medical sources," such as nurse practitioners, may be used to show the *severity* of an impairment, such evidence "cannot establish the *existence* of a medically determinable impairment."  Social Security Ruling 06-03p, 2006 WL 2329939, at *2 (emphasis added); § 404.1513(d).

9.  Plaintiff points only to "the opinions and records from [Nurse Practitioner] Caloor" as evidence establishing Hepatitis C as a medically determinable impairment.  (Memo at 7 (citing Tr. at 134-35)).  However, because Mr. Caloor is not an "acceptable medical source," evidence from him cannot establish the existence of any medically determinable impairment.[2]  Plaintiff does not point to any evidence from an "acceptable medical source" indicating that Plaintiff had or has Hepatitis C.[3]  Accordingly, the Court concludes that the ALJ did not err in finding that Hepatitis C is not a medically determinable impairment.

### *Second and Third Alleged Errors - Listings*

10.  Plaintiff's second and third allegations of error address the ALJ's findings at step

---

[2]The Court is baffled by the Commissioner's failure to raise this point and cite the relevant authorities.  In his response, the Commissioner primarily argues that Hepatitis C was not a *severe* impairment, even though the ALJ made no finding regarding severity.

[3]In her reply brief, Plaintiff contends that "it was error to ignore the October 2007 findings of Hepatitis C by both Dr. Homero Renteria and Mr. Caloor, CNP."  (Plaintiff's Reply Brief to Defendant's Response at 3, filed Oct. 1, 2009 **[Doc. No. 18]**).  However, Plaintiff does not cite to any evidence that Dr. Renteria diagnosed Plaintiff with Hepatitis C.

three of the sequential evaluation process.  At step three, the ALJ must determine whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

11.  Plaintiff alleges that the ALJ erred at step three because he failed to consider the combination of Plaintiff's physical and mental impairments.  At step three, the ALJ expressly stated that Plaintiff "does not have an impairment or *combination of impairments* that meets or medically equals one of the listed impairments."  (Tr. at 14 ¶ 4 (emphasis added)).  The ALJ specifically considered whether Plaintiff met Listing 1.04 (disorders of the spine) and whether Plaintiff's mental impairments, singly or in combination, met or equaled the criteria for Listings 12.04 (affective disorders) or 12.06 (anxiety disorders).  (Tr. at 14).  Plaintiff points to no other evidence to support her allegation that the ALJ failed to consider Plaintiff's combined impairments.  The Court does not find that the ALJ erred by failing to consider Plaintiff's combined impairments at step three.

12.  Although not entirely clear, Plaintiff also appears to dispute the ALJ's finding that Plaintiff's condition did not meet the criteria for Listing 1.04 (disorders of the spine).   The ALJ found that Plaintiff did not meet Listing 1.04 because there was no "evidence of nerve root compression, or spinal arachnoiditis, or lumbar spinal stenosis." (Tr. at 14).  In order to meet Listing 1.04, Plaintiff must present evidence of one or more of the above conditions.

13.  Plaintiff does not allege that any of her medical providers have diagnosed her with one or more of the above conditions.  Instead, Plaintiff points to an x-ray noting a "[m]arked degenerative change" in her cervical spine, (tr. at 280), a consultative examination demonstrating "limited cervical spine flexibility," (memo at 9 (citation omitted)), and "numerous references . . . over the years identifying spine pain requiring numerous prescriptions for Soma," (memo at 9

(citations omitted)). However, Plaintiff does not argue, and it is not apparent to the Court, that this evidence demonstrates the existence of any one of the three conditions required to meet Listing 1.04. Accordingly, the Court concludes that the ALJ did not err in finding that Plaintiff did not meet Listing 1.04.

    14. Finally, Plaintiff alleges that the ALJ erred in failing to find that Plaintiff met the criteria for Listing 12.04(C)(3). In order to meet the required criteria for this listing, Plaintiff must show the following:

> [A] [m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and . . . . [a] [c]urrent history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Part 404, Subpt. P, App. 1 § 12.04(C)(3). In this case, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff does not meet the criteria of Listing 12.04(C)(3).

    15. In his decision, the ALJ noted that Plaintiff lives in a house behind her parents, and that Plaintiff's parents help her financially and emotionally. However, the ALJ also found that Plaintiff "is successfully attending school on a part-time basis and able to participate in several SA support groups." (Tr. at 16-17 (internal quotation marks omitted)). The ALJ further found that Plaintiff's "ability to attend school and participate in support groups indicates an ability to work around others" and her "ability to concentrate is shown by the fact that she is successfully attending college on a part-time basis with passing grades." (Tr. at 17). The ALJ found that Plaintiff's treatment records indicate that she "has improved mentally" and that Plaintiff "lost her state assistance because they did not find her disabled." (Tr. at 16). In addition, the ALJ did

not find Plaintiff's statements regarding the extent of her symptoms entirely credible.

16. Plaintiff argues that in considering this issue, the ALJ did not properly credit the opinions "of clinical therapist Sally D. Stewart and Certified Nurse Practitioner Caloor in a letter dated November 2, 2007 . . . ."[4] (Memo at 11 (citing tr. at 127)).  In their letter, Ms. Stewart and Mr. Caloor opine that Plaintiff is "unemployable at this time" and indicate that Plaintiff's mother is providing financial support.  (Tr. at 127).  However, this letter does not demonstrate Plaintiff's inability to function outside a highly supportive living arrangement.  Moreover, the Court finds that the ALJ adequately considered the letter opinion of Ms. Stewart and Mr. Caloor before rejecting their recommendation that Plaintiff "be granted SSI." (Tr. at 127).  Having considered the evidence as a whole, the Court concludes that substantial evidence supports the ALJ's finding that Plaintiff did not meet the criteria for Listing 12.04(C)(3).

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Reverse or Remand Decision of the Commissioner **[Doc. No. 12]** is **denied** and this civil proceeding is **dismissed** with prejudice.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[4]Plaintiff also alleges that the ALJ erroneously failed to give "any credence" to evidence from "Counseling Associates of Roswell, or Dr. Homer Renteria." (Memo at 11).  However, Plaintiff does not specify or cite any particular evidence which she claims the ALJ improperly considered.